**KOLLER LAW LLC**
David M. Koller, Esquire (PA 90119)
Jordan D. Santo, Esquire (PA 320573)                              *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTIONETTE EVANS, : | |
| 1547 N 59th Street : | Civil Action No. 25-7370 |
| Philadelphia, PA 19151 : | |
|     Plaintiff, : | |
|             v. : | **COMPLAINT AND** |
| : | **JURY DEMAND** |
| UNIVERSAL PROTECTION SERVICE, LLC : | |
| d/b/a ALLIED UNIVERSAL, : | |
| 1617 JFK Boulevard, Suite 960 : | |
| Philadelphia, PA 19103 : | |
| : | |
| 161 Washington Street, Suite 600 : | |
| Conshohocken, PA 19428 : | |
|     Defendant. : | |

**CIVIL ACTION**

      Plaintiff, Antionette Evans (hereinafter "Plaintiff"), by and through her attorney, brings this civil matter against Defendant, Universal Protection Service, LLC d/b/a Allied Universal (hereinafter, "Defendant"), alleging she was subject to unlawful violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"), and avers and alleges as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual domiciled in the above captioned address.

3. Defendant is a provider of security services with a location at 1617 JFK Boulevard, Suite 960, Philadelphia, PA 19103 and with a corporate headquarters located at 161 Washington Street, Suite 600, Conshohocken, PA 19428.

4. At all relevant times hereto, Defendant employed the requisite number of employees under the applicable statutes and was a covered entity.

5. At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decision, these individuals engaged in the practice of treatment which forms the basis of Plaintiff allegations in the instant Complaint.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer. In so acting these individuals engaged in the pattern and practice of treatment which forms the basis of the Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

7. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

8. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in the judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

13. Plaintiff exhausted her administrative remedies under Title VII, the PHRA and the PFPO.

14. Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC"), signed February 17, 2025, alleging sex discrimination, sexual harassment and retaliation against Defendant.

15. The Charge was assigned a Charge Number of 530-2025-03685 and Plaintiff requested the charge be dual filed with the Pennsylvania Human Relations Commission ("PHRC").

16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") by request and that Notice is dated September 29, 2025. Plaintiff received the notice by electronic mail.

17. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

18. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

19. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. Plaintiff is female.

22. In or around February 2024, Defendant hired Plaintiff in the position of Security Guard.

23. Plaintiff was well qualified for her position and performed well.

## DEFENDANT SUBJECTED PLAINTIFF TO A SEXUALLY HOSTILE WORK ENVIRONMENT

24. During the course of her employment, Defendant subjected Plaintiff to a hostile work environment through pervasive instances of sexual harassment.

25. By way of background, Defendant fostered and tolerated a workplace culture wherein male employees spoke in a lewd manner about female employees of Defendant and touched him in inappropriate ways on a daily basis.

## PLAINTIFF REPORTED A MALE SECURITY GUARD'S SEXUAL HARASSMENT

26. On one occasion, Turner (First Name Unknown) male supervisor, was "play" hitting Plaintiff.

27. Plaintiff asked Turner to stop.

28. However, he did not.

29. Plaintiff complained to Aliya Carter (female), Operations Manager, about the incident.

4

30. Carter told the coworker to stop.

31. Eventually, the male coworker ceased his touching of Plaintiff.

### ANOTHER MALE COWORKER SEXUALLY HARASSED PLAINTIFF

32. In or around July 2024, Taumir Prossner (male), Security Guard, approached Plaintiff in the cafeteria of their work location.

33. Prossner asked Plaintiff if she was gay.

34. Prossner stated that if Plaintiff was gay, it was because she had never had "good dick like [Prossner] could give [her]," or words to that effect.

### PLAINTIFF REPORTED THE SEXUAL HARASSMENT, BUT DEFENDANT DID NOT PROPERLY ADDRESS HER COMPLAINT

35. Plaintiff immediately reported this sexual harassment to Michael Michener, Supervisor.

36. Plaintiff provided a written statement to Michener in person.

37. Michener informed Plaintiff that he would provide her statement to Carter.

38. Shortly after, Darryl Claitt, Account Manager, and Carter called Plaintiff into a meeting asking if Prossner had stopped bothering Plaintiff, or words to that effect.

39. Plaintiff informed them that Prossner stopped bothering her; although he was following her around the job, he did stop making comments after Plaintiff made a report.

40. However, Prossner still continued to work alongside Plaintiff.

41. Upon information and belief, Prossner was not disciplined for his sexual harassment of Plaintiff.

42. Upon information and belief, it was not the first time that Prossner had engaged in sexual harassment at Defendant without being disciplined.

43. Upon information and belief, supervisors including, *inter alia*, Michener and/or Claitt also

informed several other employees of Defendant about Plaintiff's sexual harassment complaint without her consent.

### CLAITT BEGAN TO MAKE SEXUAL ADVANCES TOWARDS PLAINTIFF AND SHE DENIED HIS ADVANCES

44. On or about August 18, 2024, Claitt began to make a pattern of sexual advances towards Plaintiff.

45. Specifically, Claitt sent Plaintiff a picture of his penis via text message.

46. Claitt stated via text message that he was a "bad boy" and wanted to engage in sexual relations with Plaintiff.

47. Plaintiff immediately responded that she was not interested, thereby denying Claitt's sexual advances.

### CLAITT RETALIATED AGAINST PLAINTIFF FOR DENYING HIS SEXUAL ADVANCES

48. Following Plaintiff's denial of his advances, Claitt began to retaliate against Plaintiff for denying his sexual advances.

49. Claitt began to nitpick Plaintiff's work product.

50. Claitt micromanaged Plaintiff and assigned her job tasks that he did not assign to anyone else at Defendant.

### A MALE COWORKER PHYSICALLY ATTACKED PLAINTIFF WHEN SHE RETURNED FROM HER BREAK

51. On or about September 15, 2024, Plaintiff was on a work break.

52. Plaintiff arrived back to Defendant five (5) minutes early from her break.

53. Joseph Hill, Security Guard, facetimed Plaintiff to ask her where she was.

54. Plaintiff informed Hill where she was.

55. Right after, Hill left his post at Defendant and came around the corner to where Plaintiff was walking.

56. Hill forcefully pushed Plaintiff to the ground and punched her in the face.

57. Upon information and belief, Hill smoked marijuana while at Defendant.

58. Earlier that day, Hill accused Plaintiff of taking too long on her breaks.

59. Plaintiff had reminded Hill that she had a 30-minute break that day, not a 15-minute break like Hill thought.

## DEFENDANT ABRUPTLY TERMINATED PLAINTIFF

60. Immediately after this happened, Carter abruptly terminated Plaintiff's employment.

61. Carter stated the reason for her termination was because of the physical altercation.

62. However, Plaintiff had not put her hands on Hill in any way during the incident.

63. Hill had attacked Plaintiff.

64. Defendant discriminated against Plaintiff due to her sex, subjected Plaintiff to a sexually hostile work environment and retaliated against her for reporting sexual harassment and denying her supervisor's sexual advances in violation of Title VII, the PHRA and the PFPO.

65. Defendant's acts and/or omissions were willful or with reckless disregard to Plaintiff's federal statutory rights.

## COUNT I – SEX DISCRIMINATION/SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

66. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

67. Plaintiff is a member of a protected class in that she is a woman.

68. Plaintiff was qualified to perform the job for which she was hired.

69. Defendant terminated Plaintiff's employment.

70. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

71. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

72. Defendant discriminated against Plaintiff on the basis of her sex.

73. Defendant treated male employees better than it treated Plaintiff.

74. The above actions by Defendant also constitute harassment based on Plaintiff's sex.

75. Defendant's conduct was intentional, pervasive, and based on Plaintiff's sex.

76. The harassment was pervasive.

77. A reasonable woman in Plaintiff's position would have found Defendant's conduct to be harassing in nature based on sex.

78. As a result of Defendant's unlawful sex harassment and/or discrimination, Plaintiff has suffered damages as set forth herein.

79. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights

80. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT II – SEX DISCRIMINATION/SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT**
**PENNSYLVANIA HUMAN RELATIONS ACT**

81. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

82. Plaintiff is a member of a protected class in that she is a woman.

83. Plaintiff was qualified to perform the job for which she was hired.

84. Defendant terminated Plaintiff's employment.

85. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

86. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

87. Defendant discriminated against Plaintiff on the basis of her sex.

88. Defendant treated male employees better than it treated Plaintiff.

89. The above actions by Defendant also constitute harassment based on Plaintiff's sex.

90. Defendant's conduct was intentional, pervasive, and based on Plaintiff's sex.

91. The harassment was pervasive.

92. A reasonable woman in Plaintiff's position would have found Defendant's conduct to be harassing in nature based on sex.

93. As a result of Defendant's unlawful sex harassment and/or discrimination, Plaintiff has suffered damages as set forth herein.

94. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III – SEX DISCRIMINATION/SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### PHILADELPHIA FAIR PRACTICES ORDINANCE

95. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

96. Plaintiff is a member of a protected class in that she is a woman.

97. Plaintiff was qualified to perform the job for which she was hired.

98. Defendant terminated Plaintiff's employment.

99. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

100. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

101. Defendant discriminated against Plaintiff on the basis of her sex.

102. Defendant treated male employees better than it treated Plaintiff.

103. The above actions by Defendant also constitute harassment based on Plaintiff's sex.

104. Defendant's conduct was intentional, pervasive, and based on Plaintiff's sex.

105. The harassment was pervasive.

106. A reasonable woman in Plaintiff's position would have found Defendant's conduct to be harassing in nature based on sex.

107. As a result of Defendant's unlawful sex harassment and/or discrimination, Plaintiff has suffered damages as set forth herein.

108. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra*.

### COUNT IV – RETALIATION
### <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

109. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

110. Plaintiff made internal complaints regarding sexual harassment and denied her supervisor's sexual advances.

111. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

112. There exists a causal connection between Plaintiff's complaints of sexual harassment and her denial of her supervisor's sexual advances and the adverse employment action.

113. Defendant terminated Plaintiff's employment as a result of her complaints and the denial of her supervisor's sexual advances.

114. Defendant's acts and/or omissions were willful or with reckless disregard for her federal statutory rights.

115. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT V – RETALIATION
### <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

116. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

117. Plaintiff made internal complaints regarding sexual harassment and denied her supervisor's sexual harassment.

118. Defendant took adverse employment actions against Plaintiff, including, but not limited

to, termination.

119. There exists a causal connection between Plaintiff's complaints of sexual harassment and the denial of her supervisor's sexual advances and the adverse employment action.

120. Defendant terminated Plaintiff's employment as a result of her complaints.

121. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VI – RETALIATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

122. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

123. Plaintiff made internal complaints regarding sexual harassment and denied her supervisor's sexual harassment.

124. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

125. There exists a causal connection between Plaintiff's complaints of sexual harassment and the denial of her supervisor's sexual advances and the adverse employment action.

126. Defendant terminated Plaintiff's employment as a result of her complaints.

127. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Antionette Evans, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant unlawful discrimination;

(b) Compensatory damages;

(c) Punitive damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the PHRA and the PFPO.

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

**CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

**KOLLER LAW LLC**

Date: December 23, 2025

By:  */s/ David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215)-545-8917
F: (215)-575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*